## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

ADRIAN ROSS,

                        Plaintiff,

v.                                              CIVIL ACTION NO.  2:20-cv-00670

THE CITY OF CHARLESTON, WEST
VIRGINIA, et al.,

                        Defendants.


### PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 3.)  Before this Court is the complaint filed by Plaintiff Adrian Ross ("Plaintiff").  (ECF No. 1.)  For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

### I.    BACKGROUND

Plaintiff brings this action against Defendants the City of Charleston, West Virginia and its police department ("CPD"), in addition to "John Doe" CPD officers. (ECF No. 1.)  He alleges that on October 8, 2018, he was a passenger in a vehicle that was involved in a pursuit with CPD officers, and when he exited the vehicle, CPD officers "forced him to the ground" and some officers "held him down" while others "kick[ed]

him repeatedly[,] striking him about his face/head." (*Id.*) He brings an excessive force claim pursuant to 42 U.S.C. § 1983 and personal injury and "lack of training" claims pursuant to West Virginia state law. (*Id.*)

## II.    *LEGAL STANDARD*

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)).

That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the

speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss.  *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)).  This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

### III.    ANALYSIS

Plaintiff's claims are time-barred.  When a case is subject to *in forma pauperis* screening pursuant to 28 U.S.C. § 1915(e), this Court may *sua sponte* consider "the statute of limitations when such a defense plainly appears on the face of" the complaint. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)).  All of Plaintiff's claims are governed by West Virginia's two-year statutory limitations period for personal injury actions, West Virginia Code § 55-2-12(b).  The applicable statute of limitation for a 42 U.S.C. § 1983 claim is borrowed from the limitations period governing claims for personal injury in the state where the events alleged in the complaint occurred.  *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).  The "lack of training" Plaintiff alleges sounds in negligence under West Virginia law, *see W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751, 772 (W. Va. 2014), and negligence claims are governed by that same two-year statute of limitation, *Richards v. Walker*, 813 S.E.2d 923, 927 n.8 (W. Va. 2018).

Plaintiff alleges that the incident giving rise to his claims occurred on October 8, 2018. (ECF No. 1.) Any action stemming from that incident should have been filed on or before October 8, 2020. W. Va. Code § 55-2-12(b). Although it appears that Plaintiff mailed his complaint on October 7, 2020 (ECF No. 1-1), this Court did not receive and docket it until October 9, 2020 (ECF No. 1). The "prison mailbox rule," which deems legal papers to be filed on the date they are submitted to prison officials for mailing, does not apply to Plaintiff because he is not incarcerated. *United States v. Guion*, 208 F.3d 210 (4th Cir. 2000) (per curiam) (table), 2000 WL 285425, at *1 n.2; *see Houston v. Lack*, 487 U.S. 266 (1988). Instead, Plaintiff's complaint was filed on the date the Clerk received and docketed it—one day after the expiration of the applicable statute of limitation. As such, the undersigned **FINDS** that this action is time-barred.

## IV.    RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Johnston.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals.  28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTER:        May 19, 2021

Dwane L. Tinsley
United States Magistrate Judge