IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ADRIAN ROSS,

           Plaintiff,

v.                                    CIVIL ACTION NO.   2:20-cv-00670

THE CITY OF CHARLESTON, WEST VIRGINIA, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Proposed Findings of Fact and Recommendation ("PF&R"). (ECF No. 5.) Additionally pending are Plaintiff Adrian Ross's ("Plaintiff") pro se Complaint, (ECF No. 1), Objections to the Proposed Findings of Fact and Recommendation, (ECF No. 6), and Motion to Amend the Complaint, (ECF No. 7.) By Standing Order entered in this matter on October 13, 2020, this action was referred to Magistrate Judge Tinsley for submission of proposed findings of fact and a recommendation for disposition (ECF No. 3.) On May 19, 2021, Magistrate Judge Tinsley entered his PF&R and recommended that this Court dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff's claims are barred by the statute of limitations. (ECF No. 5.) Plaintiff timely objected on June 1, 2021 and filed a motion to amend. (ECF Nos. 6, 7.) For the reasons more fully discussed herein, the Court **OVERRULES** Plaintiff's objections, (ECF No. 6), **ADOPTS** the PF&R, (ECF No. 5), **DENIES** the motion to amend, (ECF No. 7), and **DISMISSES** this action.

## I. BACKGROUND

Plaintiff brings this action against Defendants the City of Charleston, West Virginia (the "City") and its police department ("CPD"), as well as an unspecified number of "John Doe" police officers. (ECF No. 1 at ¶ 1.) Despite Plaintiff apparently mailing his complaint to the Clerk of Court on October 7, 2020, (*see* ECF No. 1–1), it was not received and docketed by the Clerk until October 9, 2020. Plaintiff alleges that on October 8, 2018, he was a passenger in a vehicle which was being pursued by officers of the CPD on the City's West Side. (*Id.* at ¶ 8.) Plaintiff alleges that he exited the still-moving vehicle, at which point he was seized by the pursuing officers. (*Id.* at ¶¶ 9–10.) Plaintiff alleges that the officers "struck and forced him to the ground," where they continued to "kick him repeatedly," striking his face and head "at least 5 times." (*Id.* at ¶¶ 11–12.) Plaintiff filed the instant complaint on October 9, 2020. (*See generally id.*) Plaintiff asserts claims for excessive force, pursuant to 42 U.S.C. § 1983; personal injury; and "lack of training." (*Id.* at 3–4.)

## II. LEGAL STANDARD

### A. Review of the Magistrate Judge's Findings and Recommendations

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th

Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### B. Review of Complaint Pursuant to 28 U.S.C. § 1915

Where a plaintiff seeks to proceed *in forma pauperis*, this Court must "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)).

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on

its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III. DISCUSSION

#### A. Timeliness

Plaintiff asserts that he "basically concurs with the Background and Legal Standard" of the PF&R, but objects to the analysis and conclusion that his complaint is barred by the applicable statute of limitations. (ECF No. 6 at 1.) In support of this argument, Plaintiff argues that the West Virginia Legislature's intent in including the language "next after" in W. Va. Code § 55-2-12 was to ensure that the time to file an action does not begin on the day that the legal right accrues, but instead on the day after. (*Id.* at 2.) Plaintiff then argues that the West Virginia Rules of Civil Procedure, Rule 6, and its counterpart in the Federal Rules of Civil Procedure, both lend support to the Legislature's intent. (*Id.*) Finally, Plaintiff argues that the Rules of the Supreme Court of the United States, Rule 29, explicitly states that a document "is timely filed if it is received by the

Clerk in paper form within the specified time for filing; or if it is sent to the Clerk through the United States Postal Service by first-class mail (including express or priority mail), postage prepaid, and bears a postmark, . . ., showing that the document was mailed on or before the last day for filing[.]" (*Id.* at 3.) He therefore argues that because he mailed his complaint to the Clerk of Court on October 7, 2020, his complaint was timely filed. (*Id.*)

> West Virginia Code § 55-2-12 establishes the following:
>
> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

"The purpose of statutes of limitations are to prevent stale claims and permit defendants fair opportunity to defend." *Gray v. Johnson*, 267 S.E.2d 615, 617 (W. Va. 1980). The "statute of limitations begins to run from the date of the injury, because it is only then that the aggrieved party has a right of action." *Howard v. United Fuel Gas Co.*, 248 F.Supp. 527, 529 (W. Va. 1965).

Plaintiff apparently misapprehends the use of the phrase "next after" as used in W. Va. Code § 55-2-12, arguing that the "Day [*sic*] of the event is not counted." (ECF No. 6 at 2.) However, as evidenced above, the date of the alleged injury starts the clock on the limitations period, as otherwise without injury, there would be no right. The "next after" wording that Plaintiff focuses on instead refers to the *next* two years *after* the right has accrued, not the next day after the right accrues. And as established, the limitations period begins to run "when the cause of action accrues," or "when the plaintiff can file suit and obtain relief." *California Public*

*Employees' Retirement Sys. v. ANZ Securities, Inc.*, 137 S. Ct. 2042, 2049 (2017) (quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 7–8 (2014)).

Based on the allegations of Plaintiff's complaint, his cause of action accrued on October 8, 2018, the date of the alleged injury and when Plaintiff could have first filed suit and obtain relief. (ECF No. 1.) The statute of limitations set forth in W. Va. Code § 55-2-12 is two years. Therefore, using a calculation of 730 days—two years of 365 days each—from October 8, 2018, gives a date of October 7, 2020.[1] In fact, even granting Plaintiff 731 days on account of the leap year in 2020 would still leave the limitations period expiring on October 8, 2020. Plaintiff's reliance on Rule 6 of both the West Virginia and Federal Rules of Civil Procedure is misplaced, as those laws are simply inapplicable to the limitations period. The statute of limitations governs, and it begins running the day of the injury.

Having established the correct computation of the limitations period, the Court now turns to Plaintiff's argument regarding the commencement of the lawsuit. "A civil action is commenced by the filing a complaint with the court." Fed. R. Civ. P. 3. Rule 5(d)(2)(A) of the Federal Rules explains that a "paper not filed electronically is filed by *delivering* it . . . to the clerk[.]" (emphasis added). Thus, "[w]hen papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of them." *McIntosh v. Antonio*, 71 F.3d 29, 36 (1st Cir. 1995); *see also Robinson v. Yellow Freight System*, 892 F.2d 74, 1989 WL 152510 at *2 (4th Cir. 1989) (table) ("[F]iling a complaint requires nothing more than delivery to a court officer

---

[1] The date of October 7 stems from the fact that 2020 was a "leap year" and thus contained a "leap day" within the month of February.

authorized to receive it."). While Plaintiff apparently mailed the complaint on October 7, 2020, it was not received by the Clerk until October 9, 2020, and it was therefore untimely.[2]

### B. Plaintiff's Motion to Amend

Finally, the Court turns to Plaintiff's Motion to Amend, (ECF No. 7). Rule 15 of the Federal Rules of Civil Procedure dictates that a pleading may be amended "once as a matter o course within[] 21 days after serving it," or "only with the opposing party's written consent or the court's leave." The Rule dictates that a court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(A)(2).

Plaintiff's purported amendment has made no substantive changes to his original complaint,[3] and the only discernible change is that Plaintiff has included a picture of what appears to be several police officers in the midst of an arrest. While the Court assumes this is likely a picture of Plaintiff's own arrest and the allegations he has asserted, there is no way at this point to establish or verify what is actually depicted in the photograph. Regardless, nothing else in the proposed Amended Complaint has changed, and thus Plaintiff's claims are still barred by the statute of limitations set forth in W. Va. Code § 55-2-12. Therefore, the motion to amend is **DENIED**.

### IV. CONCLUSION

For the reasons more fully discussed above, the Court **OVERRULES** Plaintiff's objections, (ECF No. 6), **ADOPTS** the PF&R, (ECF No. 5), **DENIES** the motion to amend, (ECF

---

[2] Rule 29 of the Rules of the Supreme Court, as cited by Plaintiff, is of no help to him here. As suggested by the name, the Rules of the Supreme Court are just that: rules of practice before the Supreme Court. Therefore, the methods of filing with the Supreme Court are simply inapplicable to the matter before this Court here.

[3] In truth, Plaintiff has apparently photocopied his original complaint, signature and all, and added his signature again with the date "6-1-2021." (ECF No. 7.)

No. 7), and **DISMISSES** this action. The Clerk is further **DIRECTED** to remove this action from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 22, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE